IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WARDELL LEROY GILES,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 16-1035-SLR
                                    )
DEPARTMENT OF CORRECTION,           )
et al.,                             )
                                    )
            Defendants.             )

**MEMORANDUM**

1. **Introduction**. Plaintiff Wardell Leroy Giles ("plaintiff"), an inmate at the

James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has

been granted in forma pauperis status. When he commenced this action, he was

housed at the Sussex Correctional Institution in Georgetown, Delaware. He filed this

complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.

(D.I. 1, 7)

2. **Standard of Review**. A federal court may properly dismiss an action sua

sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if

"the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief."

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in

forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

7. **The Original Complaint**. Named as defendants are the Delaware Department of Correction ("DOC") and unnamed persons.[1] (D.I. 1 at 1, 3) While not clear, it appears plaintiff contends that the sentence imposed upon him as a result of

---

[1]The court docket refers to defendants Officer Justice ("Justice") and Officer Downes ("Downes"). The claims against these defendants will be addressed later in this memorandum. *See* ¶¶ 14, 15, *supra.*

his violation of probation ("VOP") exceeds the amount of time that could be lawfully imposed upon him in violation of the right to due process. Exhibits attached to the original complaint include plaintiff's motion for a writ of habeas corpus that he filed in the Superior Court of the State of Delaware in and for Sussex County ("Superior Court") that claims plaintiff is being held illegally pursuant to an administrative warrant for violation of probation. (D.I. 1, ex. A) The motion contends that the administrative warrant and violation were unlawful because plaintiff had completed all the terms of probation and his sentence had been completed before imposition of the VOP sentence on January 21, 2016. (*Id.*)

8. On April 6, 2016, the Superior Court denied the motion for writ of habeas corpus. (*Id.* at ex. B) The letter/order stated that plaintiff was being held without bail pursuant to an administrative warrant, that a VOP hearing had been scheduled for April 8, 2016, and that plaintiff was not being held illegally. (*Id.*) The Superior Court entered a second letter/order on April 6, 2016 denying plaintiff's motion for correction of an illegal sentence finding the motion without merit and noting that the DOC had confirmed that plaintiff had served 211 days of plaintiff's 5 year level 5 sentence. (*Id.* at ex. D)

9. On January 3, 2017, plaintiff filed a notice of appeal from a December 9, 2016 Superior Court order that found plaintiff in violation of his probation. *See Giles v. State*, Docket No. 6,2017 (Del. Jan. 3, 2017, at BL-1, BL-3). On January 19, 2017, plaintiff filed a "motion to vacate illegal sentence and over-sentence to go with appeal" construed as his opening brief. (*Id.* at BL-7) On February 6, 2017, the State filed its answering brief noting that plaintiff did not contest the Superior Court's decision that he violated his probation but, rather, he asserted that his VOP sentence was calculated

4

incorrectly, and his sentence exceeded the amount that could be lawfully imposed. (*Id.* at BL-15) On March 15, 2017, the Supreme Court of the State of Delaware directed the State to provide it a transcript of the October 14, 2016 VOP hearing, and the State submitted it the same day. (*Id.* at BL-34, BL-35) The case remains pending on appeal.

10. ***Younger* Abstention Doctrine.** As evidenced by the exhibits plaintiff has submitted in support of his complaint, he has a criminal matter pending in the Delaware State Courts. The court takes judicial matter that the case is currently on appeal in the Supreme Court of the State of Delaware and that plaintiff has raised an issue nearly identical to that raised in his initial complaint. Notably, the criminal action has not yet reached final resolution.

11. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[2] *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.*

---

[2]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

12. Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[3] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

13. The *Younger* elements have been met and none of its exceptions apply. First, there are on-going criminal proceedings based upon plaintiff's violation of probation. Second, the issue raised by plaintiff concerning the validity of his sentence clearly implicates important State interests. Finally, plaintiff has an adequate opportunity to raise issues regarding his sentence in Delaware State courts as he is currently doing, and plaintiff has not asserted that he is unable to present his federal claims in his related State court proceedings. Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over plaintiff's claims, and the original complaint (D.I. 1) must be dismissed.

14. **Amended Complaint**. The court next turns to the amended complaint (D.I. 7) filed by plaintiff in late December 2016. Therein, plaintiff names two new defendants, Justice and Downes, and raises excessive force claims that are totally

_____

[3]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

unrelated to the issues raised in the original complaint. "The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby,* 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

15. As mentioned, the amended complaint adds unrelated claims and new defendants and, because of this, it violates Fed. R. Civ. P. 20(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). Accordingly, the court will direct the Clerk of Court to open a new civil case with the amended complaint (D.I. 7) as its operative pleading, titled *Wardell Leroy Giles v. Officer Justice and Officer Downes*. Pursuant to the requirements of 28 U.S.C. § 1915(a)(1) and (2), and in order to determine the schedule of payment of the filing fee, plaintiff will be required to submit to the Clerk of

7

Court, a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement for the newly opened case.

16. **E-Filing Pilot Program.** On March 15, 2017, the Clerk's Office received via regular mail, and not through the VCC law library's e-mail/e-filing system, documents plaintiff titled "record evidence exhibits." (D.I. 16) The VCC participates in an e-filing pilot program with the court, *see* September 8, 2016 standing order, *In re: Pilot Program for E-Filing Documents in the District of Delaware by Inmates at the James T. Vaughn Correctional Center*, and inmate participation is mandatory. The program was initiated to reduce the costs of filings by inmates which includes an inmate's mailing and photocopying costs. In no way does the e-filing pilot program deny inmates access to the courts. When inmates do not follow the mandates of the e-filing program, they are sent a deficiency notice and advised that the non-conforming document will be docketed but not considered until the deficiency is corrected. Plaintiff was sent a deficiency notice after he sent items for filing through the regular mail.

17. In response, plaintiff challenges the requirement that he participate in the e-filing pilot program, and filed a motion to compel stating that he will not participate in the program before service by the United States Marshals Service ("USMS") or at all. (D.I. 18) Plaintiff's position is that the State, the DOC, and defendants should not know about a complaint until after the court orders the USMS to serve the complaint. He contends that this process safeguards plaintiff from open and blatant retaliation and sabotage (apparently because he has filed a lawsuit). He argues that requiring e-filing prior to issuance of a service order gives defendants premature notice of the action and allows defendants to search and destroy documents, evidence, and exhibits before they

8

can be secured by plaintiff. Finally, plaintiff contends that the reason for the USMS service order and execution is to stop the chance of premature retaliation and sabotage. Plaintiff believes that all filings prior to issuance of a service order and execution should be exempt from the e-filing program.

18. Plaintiff's concerns are unfounded. First, documents filed in this court are available for public viewing by anyone, party or non-party, without regard to the issuance of a service order. It is well-established that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). This is consistent with well-established precedent, based on First Amendment considerations and the common law right of access to judicial records, that documents filed with the court and judicial proceedings are open to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Second, orders are issued for service by the USMS to serve process in cases where a plaintiff proceeds in forma pauperis and not, as plaintiff believes, to prevent premature notice to defendants. *See* 28 U.S.C. § 1915(d). As just discussed, filings are available for the public immediately upon docketing by the court.

19. Third, plaintiff speculates that should he participate in the e-filing program, future defendants will destroy evidence, documents and exhibits before they can be secured by plaintiff. It is well-settled that "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence." *Bowman v. Am. Med. Sys. Inc.*, 1998 WL 721079, at *3 (E.D. Pa. Oct. 9, 1998). "Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Mosaid Techs., Inc. v.*

*Samsung Elec. Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Should future defendants destroy documents, evidence, or exhibits, "[e]vidence of spoliation may give rise to sanctions [which] include: dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference, referred to as the spoliation inference; fines; and attorneys' fees and costs.'" *Mosaid Techs.*, 348 F. Supp. 2d at 335). There have been few problems since the October 3, 2016 inception of the e-filing pilot program (most equipment related), and none that are remotely close to plaintiff's concerns.

20. Here, plaintiff indicates that he will not participate in the program before service by the USMS. In the instant case, the original complaint will be dismissed and a service order will not issue. In light of the foregoing, the court will deny plaintiff's motion as moot and without prejudice. (D.I. 18) The court will entertain future motions should plaintiff continue to have concerns regarding his participation in the e-filing pilot program.

21. **Conclusion**. For the above reasons, the court will: (1) dismiss the complaint; (2) deny as moot and without prejudice the motion to compel (D.I. 18); and (3) direct the Clerk of Court to open a new case as outlined above with the amended complaint (D.I. 7) as the operative pleading. A separate order shall issue.

Dated: April 20, 2017

_____
Senior United States District Judge